## M. B. YARBOROUGH v. J. E. DOWNES.

### (No. 308, Tex. L. J., vol. 1, p. 206.)

APPEAL from Houston County. Opinion by ECTOR, P. J.

§ 675. *Trial of the right of property; jurisdiction determined by the court from which execution issued.* It is insisted that the justice's court did not have jurisdiction, because the cotton in controversy was worth more than $100. [Case was tried in 1874.] The jurisdiction is determined by the court from which the writ of execution issued. The execution having issued from a justice's court, it was, with the indorsement thereon, made returnable with the claimant's affidavit and bond to the justice court from which the execution issued, which was the proper court to try the case. [Pas. Dig. arts. 5311, 5313.]

NOTE.— This is not now the law. [Rev. Stats. art. 4831; see, also, *ante*, § 573.]

§ 676. *Motion for new trial; if filed too late.* The motion for new trial was not filed in the time required by law; and the time when defendant's agent ascertained when the judgment had been rendered is too indefinitely stated. We will not revise the judicial discretion of the lower court in refusing the motion. There is nothing in the record to show that this discretion was abused. It is not sufficiently shown by the motion that appellant had a good and meritorious defense. His defense should have been set out fully in the motion. It is not sufficient for affiant to say that he believes appellant has a valid, legal and equitable defense in the cause. That is a matter to be judged of by the court, and the motion should set out clearly in what the defense consists, in order that the court might judge of its sufficiency.

January 30, 1878.                                    Affirmed.